## NATHAN BENJAMIN *vs.* THOMPSON C. WHEELER.

An action for injuries occasioned to land of an abutter by acts done by direction of a surveyor of highways in digging a watercourse in a highway with the approbation of the selectmen cannot be supported by evidence that the surveyor acted wantonly and with the intention of injuring the plaintiff, or that the acts done were not necessary to the repair of the way.

In an action for an injury occasioned by digging a watercourse in a highway under the direction of the surveyors of highways, one of the surveyors, being called as a witness for the defendant, denied, on cross-examination, that he ever stated that this work was done as he had directed. *Held*, that the plaintiff might introduce evidence to contradict him on this point.

ACTION OF TORT for digging a watercourse in a highway in Egremont in front of the plaintiff's premises in 1854, so as to incommode him in passing to and from his dwelling-house and barn. The defendant justified the alleged trespass on the ground that he was acting by the direction of the surveyors of highways of the town for the year 1854, in repairing said highway, and did no more than the public convenience and necessity required, and that all his acts in the premises were approved by said surveyors. Trial in the court of common pleas, at October term 1856, before *Briggs*, J., who signed this bill of exceptions:

" The plaintiff introduced evidence of the alleged trespass, and of the damage to the plaintiff, and rested his case.

" The defendant, at the suggestion of the court, then introduced his evidence, confining it to proof of the authority given him and the appointment of the said surveyors. It appeared from the records of the town that for the year 1854 three selectmen were chosen, and were subsequently elected surveyors of highways at large for the same year. And the defendant's evidence tended to show that the three surveyors all authorized and approved the acts of the defendant.

" Upon the introduction of the defendant's evidence on these points, the court proposed to instruct the jury that, if they believed that the defendant, in repairing this road and making the ditch, acted under the direction of the selectmen, acting as

surveyors of highways, the plaintiff could not maintain this action.

" The plaintiff then proposed to offer evidence to prove that, in making the ditch in question, all the parties connected with it, especially the defendant, acted wantonly and for the purpose of injuring the plaintiff, and that the acts done were not necessary to be done to repair the road as required by law. The defendant objected to this evidence. His objection was overruled, and, for the purposes of this trial, the evidence admitted.

" The defendant then introduced the three selectmen who acted as surveyors, whose testimony tended to prove that the repairs done upon the road, and which were complained of by the plaintiff, were done under their authority and direction, and that the same were approved by them, and that what was done was necessary and proper for the repairing of the road.

" One of the defendant's witnesses, who was also one of the surveyors, on cross-examination by the plaintiff, denied that he had ever stated to other persons, upon other occasions, since the work was done, that he had not directed the work to be done in the manner it was done. The plaintiff afterwards offered to prove, by another witness, that said surveyor had at other times said and stated that he had not directed said work to be done as it was done. The defendant objected to this evidence; but his objection was overruled, and the evidence was admitted.

" The defendant offered to prove the nature of repairs on other parts of the road, for the purpose of showing that no more was done in front of the plaintiff's premises than was done elsewhere; it having been testified by one of said surveyors that he instructed the defendant to plough and scrape in front of the plaintiff's premises, as he did in other parts of the road. The plaintiff objected to this evidence, and the court excluded it.

" In the course of the trial, the plaintiff offered evidence of the condition of the highway as to repairs at another place on the road, where repairs were also made by the defendant to some extent, at or about the time of the alleged trespass, for the

purpose of showing that no ditches were there made by the side of the road. The defendant objected, but the court admitted the evidence.

" Upon the whole evidence, the court gave the following instructions to the jury : If the jury are satisfied that the selectmen of Egremont, acting as surveyors of highways, in good faith employed and directed the defendant to repair the road adjoining the plaintiff's land, and the defendant, in pursuance of that employment and direction, did the work and made the repairs on that part of the highway, as directed by the surveyors, and they approved of what he had done, the plaintiff, though he may have been injured and aggrieved by what the defendant so did, under the direction of the surveyors, cannot maintain this action ; but his only remedy is under the statutes of the Commonwealth. But if, in making the ditch complained of by the plaintiff, all the parties connected with it, especially the defendant, acted wantonly, for the purpose of injuring the plaintiff, and the acts done were not necessary to be done to repair the road as required by law, the defendant is responsible to the plaintiff in this action for damages. If the defendant, in making the repairs on the road against the plaintiff's land, designedly exceeded his authority, for the purpose of wantonly injuring the plaintiff, he is liable in this action for any damages done by that excess. If the surveyors acted in good faith in giving directions to the defendant, and he followed and complied with those directions, and the plaintiff was injured by the work, though, in doing the work, the defendant might have been actuated by ill will towards the plaintiff, he would not be liable for damages in this action. To these rulings and instructions the defendant excepts."

*J. Rockwell & J Price*, for the defendant.

*I. Sumner & J. E. Field*, for the plaintiff. 1. The defendant's acts were without lawful authority. The selectmen could not be surveyors of highways, because the duties imposed upon those officers respectively are incompatible. Rev. Sts. *c.* 25, §§ 5, 7, 14, 19. Bac. Ab. Offices & Officers, K. *Vanderheyden* v. *Young,* 11 Johns. 150.

2. But if the defendant acted under authority conferred, and abused it, (as the verdict finds he did,) he is liable. *Malcom* v. *Spoor*, 12 Met. 279. *Melville* v. *Brown*, 15 Mass. 82. *Rowley* v. *Rice*, 11 Met. 337. *Mussey* v. *Cahoon*, 34 Maine, 74. *Bradley* v. *Davis*, 14 Maine, 44.

3. The evidence contradicting the testimony of the alleged surveyor was competent. His testimony was to a material fact, variant from his statements in the country. *Ware* v. *Ware*, 8 Greenl. 42.

4. The defendant's offer to show the character of repairs elsewhere than at the place complained of was of a collateral and immaterial matter, and incompetent. *Commonwealth* v. *Vaughan*, 9 Cush. 595.

5. It was competent for the plaintiff to show any specific act of the defendant, in connection with the act complained of, which had a tendency to show wrongful intent. *Wood* v. *United States*, 16 Pet. 342.

THOMAS, J.   This is an action of tort, for digging a ditch or watercourse in the highway in front of the dwelling-house and barn of the plaintiff, thereby rendering them more difficult of access. The defendant answered that, in making the watercourse, he was acting under the direction of the surveyors of highways in repairing the way, and that all acts done by him were done with their authority and approval.

The selectmen of Egremont for the year 1854 were also elected surveyors.

The plaintiff offered evidence of the doing of the acts alleged; and the defendant, that in so doing he had the direction and approbation of the surveyors.

1. The plaintiff then offered evidence to show that, in making the ditch, the surveyors and the defendant, and especially the latter, acted wantonly and for the purpose of injuring the plaintiff, and that the acts done were not necessary for the repair of the way, as required by law. To the admission of this evidence the defendant objected; but the court, for the purposes of the trial, admitted it. To this admission of evidence the first of the defendant's exceptions was taken. We think the evidence should have been excluded.

Benjamin *v.* Wheeler.

The question of the necessity of the repairs must be determined by the proper officers of the town, and their judgment and action upon the subject cannot be revised by the jury in an action at law.   If the construction of the watercourse was with the approbation of the selectmen, legally given, it cannot be left to the jury to say whether the making of such watercourse was necessary for the highway.

Nor was it competent to show that the thing done was done for the purpose of injuring the plaintiff.   An act done within the scope of the officer's authority does not become illegal by reason of the motive which may have influenced his mind in doing it. To the extent to which the estate of the plaintiff is injured by any act done in the repair of the way he has a full compensation in damages.   Rev. Sts. *c.* 25, § 6.   And the motives with which the act is done by the surveyor or the selectmen do not change the character of the watercourse, or make it of more or less injury to the estate.

2. The defendant relying upon the testimony of the selectmen, who acted also as surveyors, to show that the work was done under their authority and in the manner directed by them, it was certainly competent for the plaintiff to prove that one of the witnesses so testifying at the trial had, on other occasions, said that he had not directed the work to be done as it was done.   It was the common mode of impairing the weight of a witness's testimony by showing he had made in the country statements conflicting with those made upon the stand.

The cross-examination of the witness was not, under our practice, necessary to the introduction of testimony of conflicting statements made elsewhere by the witness, nor did the cross-examination affect the right of so doing.   The subject-matter was not collateral, but obviously material to the issue.

3. The evidence as to the repairs made in other parts of the highway should have been excluded, for the reason before stated, that the necessity or propriety of the repairs, if made by the proper officers of the town, and within the scope of their authority, were not to be revised by the jury.   It is difficult to

35 *

see any posture of the cause in which such evidence would be material.

4. The opinion expressed as to the evidence admitted in the cause indicates the exception to which, we think, the final rulings of the presiding judge are justly liable. The true inquiry was, whether the defendant had legal authority to do what he did in the highway. If he had such authority, and acted within the scope of it, he is not a trespasser because his motives or purposes with respect to the plaintiff were unkind or malicious. For an act lawfully done in the repair of the highway, the statute has given the plaintiff a remedy, and that a sole and exclusive one. If the defendant exceeded his authority, he may be liable in tort; but upon the bill of exceptions we do not see that this question was raised.

A point was made at the argument, which does not appear to have been made at the trial, to wit, that the acts of the defendant were without authority because, conceding that he acted under the direction of the selectmen who had been chosen surveyors, the selectmen could not have been legally chosen the surveyors of highways, the offices being incompatible. Rev. Sts. *c.* 25, §§ 5, 7, 14, 19. Another suggestion may be of moment; it is, that the case does not disclose that the approbation of the selectmen was first obtained in writing. Rev. Sts. *c.* 25, § 5. These may present important questions upon any future trial; but we do not feel called upon to decide them in the present posture of the cause.    *Exceptions sustained.*